# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2023

Lyle W. Cayce
Clerk

No. 22-10599
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Eugene Jones,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CR-72-1

———————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Ronald Eugene Jones pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to a 151-month term of imprisonment and a three-year term of supervised release. Jones argues on appeal that the district court erred in not departing

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

downward under U.S.S.G. § 5H1.4 or granting a variance based on his physical impairments and numerous medical conditions and that his sentence is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a).

This court lacks jurisdiction to consider whether the district court erred in denying Jones a downward departure based on his physical impairments. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018). We may review the denial of a downward departure only if the district court erroneously believed it lacked the authority to depart. *Id.* Jones has not alleged, and the record does not indicate, that the district court believed it lacked that authority. We therefore do not have jurisdiction to review this issue.

We do have jurisdiction to consider whether Jones's sentence is greater than necessary to achieve the sentencing goals set forth in § 3553(a). This court reviews preserved challenges to the substantive reasonableness of a sentence under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "We presume sentences within or below the calculated guidelines range are reasonable." *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

At sentencing, the district court considered and rejected Jones's arguments for a below-guidelines sentence. Jones has presented nothing to indicate that the district court abused its discretion in weighing the § 3553(a) factors. *See Cooks*, 589 F.3d at 186. His disagreement with the propriety of

the sentence imposed is insufficient to rebut the presumption of reasonableness. *See Cooks*, 589 F.3d at 186.

Based on the foregoing, we DISMISS Jones's appeal, in part, for lack of jurisdiction and AFFIRM the district court's judgment in all other respects.